IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID SCHRADER, CAROLEE SCHRADER, <br><br> Plaintiffs, <br><br> vs. <br><br> FGS INC., D/B/A/ FORSHAW OF ILLINOIS, INC., et al. <br><br> Defendant. | Case No. 15-cv-0474-SMY-SCW |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiffs' Motion to Remand. (Doc. 17). For the reasons stated below, Plaintiff's Motion is **DENIED**.

Plaintiffs filed their Complaint against Defendants in the Circuit Court of St. Clair County, Illinois. (Doc. 1, Ex. A). Defendant Forshaw of St. Louis, Inc. removed this case to the Southern District of Illinois on April 28, 2015. (Doc. 1). Plaintiff' filed a Motion to Remand on May 27, 2015, stating that there is not complete diversity due to Defendant FGS Inc. being a resident of Illinois. (Doc. 21). Defendant Forshaw of St. Louis, Inc. responded that Defendant FGS, Inc. is fraudulently joined, and therefore, complete diversity exists. (Doc. 41).

Federal courts are courts of limited jurisdiction and may only hear cases authorized by the Constitution or Congress. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Here, the defendant removed this case pursuant to 28 U.S.C. § 1332 whereby district courts have jurisdiction over a civil action where the amount in controversy exceeds $75,000 and is between diverse parties. Out-of-state defendants seeking removal must clear a high hurdle to show that a plaintiff fraudulently joined a party. The Seventh Circuit has noted, "[t]he defendant

must show that, after resolving all issues of fact and law in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant." *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992).  Where the defendant makes such a showing, the federal court may "disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, and thereby retain jurisdiction." *Morris v. Nuzzo*, 718 F.3d 660, 666 (7th Cir. 2013) (quoting *Schur v. L.A. Weight Loss Centers*, 577 F.3d at 752, 763 (7th Cir. 2009)).

In limited circumstances, the Court may pierce the pleadings in order to determine if a party is fraudulently joined.  This practice "must be limited to circumstances ... where the Court [can] reach [ ] outside the pleadings to consider an affidavit that completely divorce[s] the challenged defendant from the allegations and [leaves] no doubt that the defendant was [fraudulently] joined." *Hill v. Olin Corp.*, 2007 WL 1431865, at *6 (S.D. Ill. May 14, 2007) (citing *Vogt v. Time Warner Entertainment Co., L.P.*, 2001 WL 360058, at *1 (E.D.Pa. Apr. 3, 2001)).  The basic test of fraudulent joinder is whether "a resident defendant [has] no real connection with the controversy." *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921). Only uncontroverted evidence showing unmistakably that a diversity-defeating defendant has absolutely no connection with the events giving rise to a case will establish fraudulent joinder. See *Faucett v. Ingersoll-Rand Mining & Mach. Co.*, 960 F.2d 653, 654-55 (7th Cir.1992) (in a products liability action, fraudulent joinder was established by a diversity-defeating defendant's uncontradicted affidavit stating that he had nothing to do with the machine at issue).

Plaintiffs allege three theories of liability against Defendant FGS: strict products liability (Counts I and IV); negligence (Counts VII and X), and spoliation of evidence (Counts XV and XVI). (Doc. 39).  Plaintiffs set forth identical allegations against the other diverse Defendants and do not allege any distinct role or actions against Defendant FGS.  Because such information

2

is absent from the pleadings, piercing the pleadings is appropriate to determine if, when looking at all pleadings in favor of Plaintiffs, there is absolutely no connection to Defendant FGS from which an action could arise.

Defendant attached as an exhibit to its response an affidavit of Robert McLellan, an authorized representative of Defendant FGS. (Doc. 41, Ex. 1). In his affidavit, Mr. McLellan states that: FGS has never manufactured or designed any patio furniture, including the St. Augustine swivel chair; FGS does not sell patio furniture, including the St. Augustine Swivel Chair; FGS did not sell any chairs to Plaintiffs; FGS did not replace the spring plate on any St. Augustine swivel chairs owned and/or possessed by Plaintiffs; FGS did not remove any St. Augustine swivel chairs owned by or in the possession Plaintiffs; and FGS does not sell patio furniture at 825 South Lindbergh Boulevard, St. Louis, Missouri. This affidavit presents discrete and undisputed facts that show Defendant FGS is not connected in any way to this action. Additionally, Plaintiffs have failed to allege any agency or alter ego relationship between FGS and Forshaw of St. Louis, Inc. that would justify piercing a corporate veil between the two parties. Accordingly, the Court finds that Defendant FGS, Inc. was fraudulently joined in this action.

For the foregoing reasons, the Court **DENIES** Plaintiffs' Motion for Remand (Doc. 17). Defendant FGS Inc., d/b/a Forshaw of Illinois, Inc. is **DISMISSED** from this action without prejudice. Defendant FGS Inc., d/b/a Forshaw of Illinois, Inc.'s Motion to Dismiss (Doc. 52) and Amended Motion to Dismiss (Doc. 53) are **DENIED** as moot.

**IT IS SO ORDERED.**

**DATE: July 8, 2015**                                  s/   Staci M. Yandle
                                                                            **STACI M. YANDLE**
                                                                            **DISTRICT JUDGE**